NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 7, 2022
Decided July 11, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

| | |
|---|---|
| No. 21-2762 <br><br> UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> BRETT IMMEL, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 16-CR-776 <br><br> Sharon Johnson Coleman, *Judge*. |

**O R D E R**

A jury convicted Brett Immel of bankruptcy fraud, 18 U.S.C. §152, and the judge sentenced him to six months' imprisonment. He contends on appeal that the evidence was insufficient and that the judge should not have admitted evidence that his monthly income rose after his case began.

Immel filed statements and schedules asserting that his monthly income was about $2,700, when its average exceeded $10,000. That is enough to sustain the conviction, but there is more. Four months before filing his petition, Immel created Fourteen Consulting LLC, which he used to hold both business and personal income. Although the LLC had assets and a regular income—at least $9,800 in each month between its

creation and the bankruptcy filing, and more than $26,000 in the month of filing—Immel listed its value as $1 on his schedules. He also listed at $1 his 15% stake in Hanover Companies, LLC, even though it had assets exceeding $500,000 and distributed more than $15,000 in rental income to Immel most months.

Immel contended at trial that these errors were good-faith estimates. Understating one's income by 75% does not seem to be an exercise in good faith, and it invited the rejoinder that Immel well knew that his income was substantially higher. The prosecution showed as much for the months before and after the bankruptcy filing. This sets up Immel's contention that the post-filing income, which exceeded $25,000 every month (much of it from the "worth only $1" Hanover), should have been ignored. Yet the existence of a monthly income stream substantially exceeding $2,700, before and after filing, was pertinent to his intent in using the $2,700 figure. What's more, Immel funneled all of his income through Fourteen Consulting, which was one of the assets in the bankruptcy. If he had put personal receipts in a personal checking account, they would have been outside the bankruptcy process, see *Harris v. Viegelahn*, 575 U.S. 510, 513–14 (2015), except to the extent that these receipts embarrassed the $1 reported valuation for each of the two LLCs. Yet by routing all income through a business that was an asset available to his creditors, Immel obliged himself to make an honest and up-to-date disclosure of the company's value. He did not do so. He also used Hanover to pay his residential mortgage and did not report those payments as income. More can be said about the evidence against him, but that would be otiose.

Immel does not contend that the judge erred in any of the instructions to the jury about what was needed to convict him or about how the jurors should evaluate the evidence about his income in post-filing months. The arguments he does make do not undermine the verdict.

AFFIRMED